UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE SUBPOENA ISSUED TO GRAGIL ASSOCIATES, INC.<br>in<br>Managed Care Solutions, Inc.,<br>        Plaintiff,<br><br>v.<br><br>Essent Healthcare, Inc.,<br>        Defendant.<br>S.D. Fla. No. 09-60351 | CIVIL ACTION NO. |

## AFFIDAVIT OF WILLIAM L. GILBODY

I, William Gilbody, hereby depose under oath and state as follows:

1. I am the president of Gragil Associates, Inc. ("Gragil"). Gragil is a Massachusetts-based collection agency that provides services to the healthcare industry.

2. Gragil has provided collection services as to certain healthcare-related accounts receivable of the defendant Essent Healthcare, Inc. ("Essent"). The only accounts as to which Gragil has provided such services are what is known as self-pay accounts. Self-pay accounts are those in which the payment obligation is the responsibility of the individual who received the healthcare services at issue. As to self-pay accounts, Gragil seeks to collect directly from the individual patient/debtor.

3. Self-pay accounts are different from so-called third-party payor accounts. Third-party payor accounts are those in which a third-party, such as an insurer, HMO, PPO, governmental agency, or other third-party is responsible for payment of healthcare services

rendered to the patient, rather than the patient. As to third-party payor accounts, collection efforts are focused on the responsible third party.

4. Gragil has never provided any services to Essent as to third-party payor accounts. The only services that Gragil has provided to Essent relate to self-pay accounts.

5. Gragil has received a document subpoena from the plaintiff Managed Care Solutions, Inc. ("MCS"). The subpoena would require the assembly and production of tens of thousands of pages of material relating to Gragil's relationship and communications with Essent over a period of roughly three and a half years regarding thousands of debtors. Gragil is a small company that is understaffed at 48 employees. I estimate that it would take company employees a week or more to locate, organize, and copy all of the materials sought by the subpoena. This would be expensive and very burdensome.

6. Very nearly all of the materials requested by the subpoena contain personal health information and/or personal financial information relating to the patients whose accounts Gragil was handling. Gragil is legally and ethically obligated to maintain security as to this information, to protect it from disclosure, and to notify affected individuals of security breaches. Notifying the debtors involved would require contacting thousands of people, and would be time consuming and expensive. Redacting all such private information from the materials subject to the subpoena would require even more time and effort than assembling, organizing, and copying the materials in the first instance.

7. Gragil has no records relating to Essent's third-party payor accounts or any services related to such accounts, as it provided no such services at any time to Essent and had no involvement with such accounts. Gragil has no records relating to any claim that Essent failed to give MCS the exclusive right to work on Essent's third-party payor accounts. Gragil

2

cannot produce the records it has without violating Federal and State law and the privacy interests of thousands of debtors. Providing notice of this proposed disclosure and responding fully to the MCS subpoena will be extremely costly, burdensome, and disruptive to Gragil's business.

Signed and sworn under the pains and penalties of perjury this 4th day of August, 2010.

_____
WILLIAM L. GILBODY

# CERTIFICATE OF SERVICE

I hereby certify that on this date I served a copy of the attached Affidavit of William L. Gilbody via First Class Mail, postage pre-paid on the following:

Robert Ingham, Esq.
Ingham & Associates, PA
175 SW 7 Street Suite 1516
Miami, FL 33130

Lea Carol Owen, Esq.
Waller, Lansden, Dortch & Davis, LLP
511 Union Street, Suite 2700
Nashville, TN 37219

Dated: August 6, 2010.
/s/ John J. O'Connor
John J. O'Connor

727834_1